*Law Office of Richard Groves*
Richard N. Groves, Attorney at Law    State Bar # 4014
4045 E. Union Hills Drive, Suite 126
Phoenix, Arizona 85050
Telephone: (602) 230-0995 Fax (602) 569-9354
email: rgroves0@cox.net

Attorney for Plaintiff

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| **Bill D. Thompson,** an individual | |
| Plaintiff | CV09- |
| vs. | CIVIL COMPLAINT |
| **Crown Asset Management, LLC,** a foreign limited liability company registered with the Arizona Corporation Commission **Gurstel, Staloch & Chargo, P.A.; Jessica M. Laginess,** a licensed Arizona Attorney; | |
| Defendant(s) | |

Plaintiff Bill D. Thompson, by and through his counsel undersigned, brings this proceeding to challenge the actions of Defendants with regard to their unlawful attempts to collect an alleged consumer debt due another, on the grounds and in the amounts set forth herein.

Plaintiff alleges upon knowledge as to himself and his own acts, and as to all other matters upon information and belief, brings this complaint against the above-named Defendants and in support thereof alleges the following:

This action arises out of the facts and circumstances surrounding the attempts at collection of an alleged consumer debt. Plaintiff, an individual consumer, institutes this action for actual out-of-pocket damages, statutory damages, attorney fees, and the costs of this action against the Defendants to redress the deprivation of the rights granted to the Plaintiff by the Fair Debt Collection Practices Act, *15 U.S.C. §1692* et.seq. (hereinafter the "**FDCPA**", with further citations to the Act to take the form "§ ___," omitting the prefatory "15 USC").

## PARTIES

1  Plaintiff, Bill D. Thompson, (hereinafter "**Plaintiff**") is a natural person and consumer who resides in Maricopa County, Arizona.

2. Defendant Crown Asset Management, LLC (hereinafter "**Crown**") is a limited liability company, registered with the Arizona State Corporation Commission and authorized to do business in the State of Arizona.

3. Defendant Crown is engaged in the collection of consumer debt which it has acquired from the original creditor after default. Defendant Crown does not extend credit to any of the consumers whose debts it allegedly acquires. Rather, the sole purpose of the alleged acquisition of these defaulted consumer debts is their collection, for profit.

4. Defendant Crown retained Defendant Gurstel, Staloch & Chargo, P.A. to represent it in the attempt to collect an alleged consumer debt from Plaintiff.

5. Defendant Crown is vicariously liable for the violations of the FDCPA committed by its attorney(s). See *Clark v. Capital Credit & Collection*, 460 F.3d 1162 (9th Cir. 2006); also *Fox v. Citicorp*, 15 F.3d 1507, 1516 (9th Cir. 1994).

6. Defendant Gurstel, Staloch & Chargo, P.A. (hereinafter "**law firm**") is a professional corporation registered as a foreign corporation with the Arizona Corporation Commission, and engaged in the business of collection debts alleged to be due another through the use of mail and civil litigation in Arizona. As a corporation, Defendant Gurstel, Staloch & Chargo, P.A. can act only through its officers, managers, employees and agents, and is liable for the unlawful acts of its officers, managers, employees, and agents within the scope of their authority under the doctrine of respondent superior. See *U. S. v. Hilton Hotels Corp*, 467F. 2d 1000 (9th Cir. 1972) cert. denied *409 U.S. 1125(1972)*; also *Restatement(Second) of Agency, § 343*.

7. Defendant Jessica M. Laginess (hereinafter "**Laginess**") is a natural person, a licensed Arizona attorney, and was an employee of Defendant law firm at the time of the unlawful collection activity complained of herein.

8. "Participation" includes approving an employee's action. *Chatlovsky v. Heldenbrand & Associates, CIV4-310 PHX JWS (D. Ariz. 2004)*.

9. Plaintiff alleges that at all times relevant herein, each of the Defendants were, and are now, the agent, servant, employee and/or other representative of the other Defendants, and in doing the things herein alleged, were acting within the scope, purpose and authority of such agency, service,

3

employment and/or other representative capacity with the permission, knowledge, consent and ratification of the other Defendants. Any reference hereinafter to "Defendants", without further qualification, is meant by the Plaintiff to refer to each Defendant named above.

## JURISDICTION AND VENUE

10. Jurisdiction of this Court is invoked pursuant to *15 U.S.C. § 1692k(d)*, and *28 U.S.C. § 1331.* Venue is conferred on this Court by *28 U.S.C. § 1391(b)-(c)*, and *28 U.S.C. § 1991(b)*.

## STATEMENT OF PREDICATE FACTS

11. That on about July 7, 2008, Defendant Laginess did sign and file a Civil Complaint in the Estrella Mountain Justice Court, alleging that Plaintiff was indebted to Defendant Crown for credit card purchases made primarily for personal, family or household purposes. (See copy of complaint attached hereto and incorporated herein by reference as Plaintiff's Exhibit A). Plaintiff does not desire to overturn any ruling granted by the Justice Court in this matter, nor does he desire to pursue any violation of the Arizona Statutes committed therein; rather Plaintiff complains of distinct unlawful collection practices prohibited by the the Federal Fair Debt Collection Practices Act.

12. That Exhibit A states at paragraph 10:

> **"10. Court costs as actually incurred are chargeable to the Defendant."**

13. That Attorney Richard Groves filed his Notice of Appearance in the collection civil action on December 8, 2008 (see copy attached hereto and incorporated herein by reference as Exhibit B).

14. Counsel for Plaintiff faxed and mailed a copy of Exhibit B to Defendant Laginess on December 8, 2008.

15. On or about December 23, 2008, without receiving permission from the Plaintiff or his counsel, Defendants communicated directly with the Plaintiff via the U.S. Postal Service (see copy attached hereto and incorporated herein by reference as Exhibit C).

## FDCPA CLAIMS

18. That Plaintiff Bill D. Thompson is a consumer, as defined by the FDCPA, *§ 1692a(3)*.

19. That the debt that is the subject matter of Exhibit A is a "consumer debt" as defined by *15U.S.C. §1692a(5)*.

20. That Defendant Crown is a debt collector as that term is defined by the FDCPA *§ 1692a(6)*.

21. That Defendant Law Firm is a debt collector as that term is defined by the FDCPA *§ 1692a(6)*.

22. Defendant Laginess is a "debt collector" as that term is defined by the FDCPA *§ 1692a(6)*.

23. That Exhibit A is a "collection communication" as that term is defined by the FDCPA *§ 1692a(2)*.

24. That Paragraph 10 of Defendants' collection communication (Exhibit A) contains a false statement utilized in the attempt to collect a consumer debt.

25. That Paragraph 10 of Defendants' collection communication (Exhibit A) contains a false representation and deceptive means utilized in the attempt to collect a consumer debt.

26. That Exhibit C is a "collection communication" as that term is defined by the FDCPA *§ 1692a(2)*.

27. That Exhibit C represents unlawful communication directly with the Plaintiff after receipt of notice of attorney representation.

28. As a result of Defendants' violations of the FDCPA, Plaintiff has suffered out-of-pocket actual damages, and is therefore entitled to actual damages pursuant to *15 U.S.C. § 1692k (a)(1)* against each and every Defendant; statutory damages in an amount up to $ 1,000.00 pursuant to *15 U.S.C.§ 1692k(a)(2)(A)* against each and every Defendant; and reasonable attorney's fees and costs pursuant to *15 U.S.C. § 1692k(a)(3)* from each and every Defendant.

29. All of Defendants' actions occurred within one year of the date of this Complaint.

30. At no time has Plaintiff expressly, or impliedly, waived any of his rights to proceed in this action for the violation of the FDCPA.

### CAUSES OF ACTION - FDCPA VIOLATION

31. Plaintiff repeats, realleges, and incorporates by reference the foregoing paragraphs as though fully pleaded herein.

32. Defendants' collection communications have violated at least the following provisions of the FDCPA:

    a. Violation of *15 U.S.C. §1692e*

    b. Violation of *15 U.S.C. §1692f(1)*

    c. Violation of *15 U.S.C. §1692c(A)(2)*

33. That upon information and belief, Defendants' collection efforts have resulted in additional violations of the FDCPA

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff requests that judgment be entered in his favor and against each and every Defendant, jointly and severally, for:

a. An Order of this Court declaring that Defendants' practices violate the FDCPA;

b. Actual out-pocket-damages in an amount to be proven at trial as to each Defendant, pursuant to *15 U.S.C. § 1692k(a)(1)*;

c. Statutory damages of $1,000 as to each Defendant, pursuant to *15 U.S.C. § 1692k(a)(2)(A)*;

d. Costs of this litigation,

e. Reasonable attorney's fees at the rate of $ 350 per hour for hours reasonably expended by his attorney in vindicating his rights under the FDCPA, pursuant to *15 U.S.C. § 1692k(a)(3),* the "private attorney general" doctrine.

f. Such other relief as the Court may be just and proper.

RESPECTFULLY SUBMITTED this 20th day of January, 2009.

                                            s/ Richard N. Groves
                                            Richard N. Groves,
                                            Attorney for Plaintiff