UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| BILL D. THOMPSON, | |
| Plaintiff, | 2:09-cv-0120 JWS |
| vs. | ORDER AND OPINION |
| CROWN ASSET MANAGEMENT, LLC, a foreign limited liability company registered with the Arizona Corporation Commission; GURSTEL, STALOCH & CHARGO, P.A.; and JESSICA M. LAGINESS, a licensed Arizona Attorney, | [Re: Motions at Dockets 8 and 16] |
| Defendants. | |

## I. MOTIONS PRESENTED

At docket 8, defendants Gurstel, Staloch & Chargo, P.A. ("GSC") and Jessica M. Laginess (collectively, "defendants") move for summary judgment on plaintiff Bill D. Thompson's claims under the Fair Debt Collection Practices Act ("FDCPA"). At docket 16, Thompson moves to continue the court's ruling on defendants' motion for summary judgment as to the application of the bona fide error defense pursuant to Federal Rule of Civil Procedure 56(f)(2). Oral argument was requested on the motion for summary judgment, but would not assist the court.

## II.  BACKGROUND

The background of the matter is recited at docket 13 and will not be repeated here.  Defendants GSC and Laginess filed for summary judgment at docket 8, arguing that (1) Thompson's claim alleging that defendants collected a debt by misrepresentation under 15 U.S.C. §§ 1692e and 1692f(1) fails because the collection was authorized by law; (2) Thompson's claim that defendants contacted Thompson directly after being notified of his representation by counsel is defensible because it was a bona fide error pursuant to 15 U.S.C. § 1692k(c); and (3) Thompson's claims against defendant Laginess should be dismissed as a matter of law because she is not a "debt collector" under the FDCPA and is otherwise veiled from personal liability.[1]  As he did at docket 9, Thompson argues in his renewed, and nearly identical, Rule 56(f)(2) motion at docket 16 that he has been unable to initiate any discovery because the court has not yet issued a Rule 26 order or otherwise permitted discovery to begin.[2]  Nevertheless, Thompson attempted to schedule several depositions prior to filing his Rule 56(f)(2) motion, but was unsuccessful.[3]  Counsel for Thompson has submitted an affidavit in support his motion detailing purported "facts," which Thompson intends to elicit through discovery.  Included among them: (1) the existence of defendants' policies and procedures in effect as of July 7, 2009, that were reasonably designed to prevent FDCPA violations; (2) whether defendants had a "special system" in effect as of July 7,

---

[1] *See generally* Doc. 8.

[2] Doc. 16 at 2.

[3] *Id.*

2008, that was reasonably designed to prevent FDCPA violations; (3) whether defendants had a "checking mechanism" in place to insure that their policies and procedures were followed; and (4) whether the three affidavits submitted by defendants are true.[4]

### III. DISCUSSION

**A. Motion at Docket 16**

Thompson's motion at docket 16 again seeks to continue the court's ruling on defendants' summary judgment motion until such time as discovery on defendants' bona fide error defense may be obtained. Resolution of the motion at docket 9, therefore, requires careful consideration of Rule 56(f).

Prior to 2007, Rule 56(f), Fed. R. Civ. P., read as follows:

> Should it appear from the affidavits of a party opposing the [summary judgment] motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

There is considerable case law interpreting the above version of Rule 56(f). The 2007 Amendments to the Federal Rules of Civil Procedure revised the language of Rule 56(f), but a comparison of the revised language with that quoted above discloses no substantive difference. That conclusion is supported by the statement of the Advisory Committee on the rules: "The language of Rule 56 has been amended as part of the general restyling of the Civil Rules to make them more easily understood and to make style and terminology consistent throughout the rules. These changes are intended to

---

[4]Doc. 17 at 2.

be stylistic only."[5]  The court concludes that case law interpreting the older statement of the rule retains full vitality and now turns to such case law.

As explained by the Ninth Circuit:  "To prevail under this Rule [56(f)], parties opposing summary judgment must make '(a) a timely application which (b) specifically identifies (c) relevant information, (d) where there is some basis for believing that the information sought actually exists.'"[6]  Furthermore, the circuit court has instructed that the party seeking discovery bears the burden of providing facts sufficient to demonstrate that the evidence sought exists and that it would foreclose summary judgment.[7]  In the context of this case, then, to obtain relief under Rule 56(f), Thompson must show by affidavit or declaration (1) the specific facts that he hopes to elicit from further discovery, (2) that the facts sought exist, and (3) that these sought-after facts are "essential" to resist the summary judgment motion.[8]  "References in memoranda and declarations to a need for discovery do not qualify as motions under Rule 56(f)."[9] Rather, Rule 56(f) requires litigants to submit affidavits setting forth the particular facts expected from discovery.[10]

---

[5] Fed. R. Civ. P. 56, Adv. Comm. Notes regarding 2007 Amendments.

[6] *Teamsters Local Nos. 175 & 505 Pension Fund v. Chlorox Company*, 353 F.3d 1125 1129 (9th Cir. 2004), quoting *VISA Int'l Serv. Ass'n v. Bankcard Holders of Am.*, 784 F.2d 1472, 1475 (9th Cir. 1986).  See also, *United States v. One Mercedes*, 917 F.2d 415, 418 (9th Cir. 1990; *Mackey v. Pioneer Nat'l Bank*, 867 F.2d 520, 523-24 (9th Cir. 1989).

[7] *Teamsters Local Nos. 175 & 505*, 353 F.3d at 1129-30; *Chance v. Pac Tel Teletrac Inc.,* 242 F.3d 1151, 1161 n.6 (9th Cir. 2001).

[8] *California v. Campbell*, 138 F.3d 772, 779 (9th Cir. 1998).

[9] *Brae Transp., Inc. v. Coopers & Lybrand*, 790 F.2d 1439, 1443 (9th Cir.1986).

[10] *Campbell*, 138 F.3d at 779.

Counsel for Thompson, Richard Groves, has again submitted an affidavit in support of Thompson's motion for Rule 56(f)(2) relief.[11] Like the affidavit submitted in connection with Thompson's earlier Rule 56(f)(2) motion, this affidavit "does not identify a single specific fact that Thomson hopes to obtain by conducting further discovery." As a result, Thompson has again failed to establish that relevant facts exist or that they are essential. The affidavit does nothing more than speculate that the affidavits submitted in support of the summary judgment motion are not true. It follows, as it did in the court's order at docket 13, that Thompson is not entitled to relief under Rule 56(f), and the motion at docket 16 lacks merit.

**B. Motion at Docket 8**

As discussed at docket 13, "[f]ailure to comply with the requirements of Rule 56(f) is a proper ground for denying discovery and proceeding to summary judgment."[12] Defendants' summary judgment motion seeks a ruling in their favor on all three of Thompson's FDCPA claims, discussed above. Thompson has failed to oppose defendants' summary judgment motion, despite being ordered at docket 13 to "respond to defendants' motion for summary judgment." Rather, Thompson filed another deficient Rule 56(f)(2) motion. Although a failure to oppose is typically an insufficient reason, standing alone, for granting a motion for summary judgment,[13] Thompson's ill-advised effort to file another Rule 56(f)(2) motion after having his earlier, nearly identical

---

[11]Doc. 17.

[12]*Brae Transp., Inc. v. Coopers & Lybrand*, 790 F.2d 1439, 1443 (9th Cir. 1986).

[13]*Martinez v. Stanford*, 323 F.3d 1178, 1182-83 (9th Cir. 2003) (refusing to affirm entry judgment against a non-moving party based on a failure to timely oppose a deficient summary judgment motion).

motion denied, constitutes a sufficient reason to rule on the merits in the absence of an opposition. Having reviewed Thompson's complaint and defendants' motion, the court concludes that Thompson has failed to establish any cognizable violation of the FDCPA. Thompson has neither pointed to any alleged false or misleading representation by GSC, nor an attempt by defendants to collect an unauthorized debt, nor any authority establishing Laginess' individual liability. Moreover, defendants have established, through their affidavits, entitlement to claim the bona fide error defense based on declarations that GSC unintentionally contacted Thompson as a result of a clerical error, immediately corrected the error, and had policies and procedures in place to avoid such errors.[14] Therefore, defendants' motion for summary judgment at docket 8 is granted.

## IV. CONCLUSION

For the reasons stated above, Thompson's motion for Rule 56(f) relief at docket 16 is **DENIED**. Defendants' motion for summary judgment at docket 8 is **GRANTED**. The Clerk is directed to please enter judgment for the defendants, and plaintiff shall take nothing.

DATED this 22nd day of September 2009.

/s/ JOHN W. SEDWICK<br>
UNITED STATES DISTRICT JUDGE

---

[14] Docs. 8-1, 8-2, and 8-3.